UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN BRYANT,

    Plaintiff,

v.                                                   Case No. 2:20-cv-294-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff Susan Bryant appeals the Commissioner of Social Security's ("Commissioner") final decision denying her claim for a period of disability, disability insurance benefits, and supplemental security income. (Doc. 1.) The Magistrate Judge issued a Report and Recommendation, recommending that the Court affirm the Commissioner's decision denying disability insurance benefits and reversing and remanding for further consideration the Commissioner's decision denying supplemental security income. (Doc. 28.) Upon review of the record, the Report and Recommendation, and Ms. Bryant's timely objections (Doc. 31), the Court affirms in part and reverses in part the Commissioner's decision. The matter is remanded.

**STANDARD OF REVIEW**

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.  Legal conclusions are reviewed de novo even without an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

In this Social Security appeal, the Court must determine whether the administrative law judge's ("ALJ") decision is "supported by substantial evidence and based on proper legal standards."  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id.  The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the ALJ's.  Id.  Even where the Court finds that the evidence more likely supports a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence.  See Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## DISCUSSION

Ms. Bryant raises two objections to the Magistrate Judge's Report and Recommendation.  Specifically, she contends that the ALJ failed to include in the residual functional capacity ("RFC") and hypotheticals to the vocational expert purported limitations related to her upper extremity impairments and mental impairments.[1]  However, as the Magistrate Judge correctly determined, both

---

[1] An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations caused by impairments.  Delker v. Comm'r of Soc. Sec., 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009).  In formulating the RFC,

decisions were supported by substantial evidence, and both objections are therefore overruled.

**Objection 1: The ALJ improperly failed to include in the RFC and in hypothetical questions to the vocational expert the limitations related to Ms. Bryant's upper extremity impairments.**

In support of her first objection, Ms. Bryant asserts that the "record is replete with descriptions of shoulder, arm, wrist, and hand pain, both before and after the date last insured," and that she suffered injuries caused by ammunition blowing up in her hand before the date last insured. (Doc. 31 at 2.) She further observes that, in a January 15, 2015 record, a medical provider noted Ms. Bryant's inability "to straighten the fingers," and contends that the Magistrate Judge incorrectly characterized this purported work-related limitation as a "subjective complaint." (Id.). Apart from this contention, Ms. Bryant's objections to the Magistrate Judge's Report and Recommendation essentially mirror her argument in the joint memorandum. (Doc. 25 at 29–33.) Ms. Bryant's first objection is not persuasive.

As the Magistrate Judge observed, the ALJ thoroughly considered the record, including testimony, objective findings, and opinions, to support his RFC findings. (Doc. 28 at 12–12; Doc. 19-2 at 24–31.) Indeed, Ms. Bryant's medical records do not contain objective findings reflecting limitations due to upper extremity impairments or physical abnormality, except hypertension, (Doc. 19-2 at 25–26, 29–30; Doc. 19-7

---

the ALJ must consider all impairments that may cause functional limitations. Id.; 20 C.F.R. §§ 416.945(a)(1), (3); 20 C.F.R. §§ 404.1545(a), 416.945(a) (requiring consideration of "all the relevant evidence in [a] case record").

at 2–6, 13–14, 38–40, 46–48, 93–94, 101–02, 124, 129; 19-8 at 19, 37, 56–57, 63; 19-9 at 104, 109), with sporadic notes of joint tenderness (Doc. 19-8 at 98, 106).

The ALJ also considered opinion evidence from Drs. Strong and Gaeta, who opined that during the relevant timeframe Ms. Bryant experienced no upper extremity limitations beyond the lifting and carrying restrictions incorporated in light and medium work. (Doc. 19-2 at 25–27, 29–31, 51–52; Doc. 19-3 at 33–34, 44–45.) In evaluating the opinions, the ALJ cited medical evidence consistent with the physicians' assessments. (Doc. 19-2 at 26–27, 29–31); 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Absent evidence reflecting functional limitations, Ms. Bryant's reliance on diagnoses and subjective complaints as to her upper extremities is insufficient. See Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("[T]he mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard."). And although Ms. Bryant now claims the Magistrate Judge mischaracterized a January 2015 notation reflecting her inability to stretch her fingers as a subjective complaint, (Doc. 19-7 at 81),[2] she does not provide medical evidence or legal authority to support her assertion that her "inability to straighten the fingers is a

---

[2] That notation appears in the musculoskeletal section of a "Review of Systems." (Doc. 19-7 at 81.) Notably, the same examination revealed no physical abnormalities. (Id. at 81–83.)

4

work-related limitation," or that "[b]oth handling and fingering require the ability to straighten the fingers." (Doc. 31 at 2.)

Further, even though the ALJ did not specifically address the one notation, he nevertheless considered the January 15, 2015 examination in reaching his determination. (Doc. 19-2 at 26.) And as noted, there was substantial evidence to support his decision not to include limitations relating to upper extremity impairments in the RFC or hypotheticals posed to the vocational expert. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004); see also Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1270 (11th Cir. 2007).

In summary, the Court cannot conclude that, as to Ms. Bryant's purported upper extremity impairments, the ALJ failed to apply the correct law or that his finding was not based on substantial evidence. Accordingly, the first objection is overruled.

**Objection 2: The ALJ improperly failed to include in the RFC and in hypothetical questions to the vocational expert limitations related to Ms. Bryant's mental impairments.**

In support of her second objection, Ms. Bryant raises contentions relating to the ALJ's determination as to disability insurance benefits and supplemental security income. (Doc. 31 at 5.) At bottom, she argues that the "ALJ should have found [her] mental impairments severe. Even if not severe, relevant limitations

5

should have been included in the RFC and in hypothetical questions to the [vocational expert]." (Id.)³  Ms. Bryant's second objection is also unpersuasive.

Indeed, the ALJ thoroughly considered the testimony, objective findings, and opinion evidence relating to Ms. Bryant's mental conditions to support his findings. (Doc. 19-2 at 24–31.)  First, in deeming Ms. Bryant's "medically determinable mental impairments of depression and anxiety, considered singly and in combination," minimal and therefore "non-severe," the ALJ considered the four prescribed areas of mental functioning.  (Id. at 22–24); 20 C.F.R. §§ 404.1520a, 416.920a; 20 C.F.R. pt. 404, subpt. P, app. 1.  Substantial evidence supported his determination that Ms. Bryant had mild limitations in each area, thereby warranting a finding of non-severe mental impairment. See 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

Specifically, the opinions of Janet Anguas-Keiter, Psy.D., and J. Patrick Peterson, Ph.D., support the ALJ's determination that Ms. Bryant did not have a severe mental impairment.  (Doc. 19-2 at 22–23; Doc. 19-3 at 6–8, 18–19, 30–32, 42–43.)  Following review of the record, both individuals concluded that Ms. Bryant had

---

³ In the joint memorandum, Ms. Bryant contended that the ALJ erred in failing to "develop the record such as by ordering a psychological consultative examination."  (Doc. 25 at 66, 68–69.)  Ms. Bryant has not objected to the Magistrate Judge's determination that no psychological examination was necessary because "the record included substantial evidence to support the ALJ's decision regarding Bryant's mental impairments," and she "failed to show that a psychological consultative examination was necessary for the ALJ to make an informed decision and also failed to show evidentiary gaps in the record that resulted in unfairness or clear prejudice."  (Doc. 28 at 26–28.)  In all events, upon review, that determination was not incorrect.

no more than mild limitations in each area of mental functioning. (Doc. 19-3 at 7, 31). And as the ALJ observed, the medical evidence of record showed neither a history of mental health treatment nor objective findings reflecting psychological limitations. (Doc. 19-2 at 22); 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v) (factors an ALJ will consider include treatment received). At most, the record reflected minimal impairment prior to the alleged onset date (Doc. 19-7 at 2–6), and subsequently, irregularly diagnosed mental impairment (id. at 60–84, 91–104; Doc. 19-8 at 95–131; Doc. 19-9 at 68–75).

Although noting depressed and labile mood, objective findings from these examinations provide that Ms. Bryant presented with normal cognitive functioning and appearance, with no impairment in thought content. (Doc. 19-7 at 61, 63, 70, 83, 94, 99, 102, 124, 137; Doc. 19-8 at 18, 37.) And despite diagnoses of mixed anxiety and depressive disorder, there are no findings reflecting psychological work-related limitations. (Doc. 19-9 at 7–12.) Furthermore, diagnoses and prescriptions for psychotropic medication are insufficient to establish a severe impairment. Hutchinson v. Astrue, 408 F. App'x 324, 326 (11th Cir. 2011) ("[P]roof of the mere existence of impairments does not prove the extent to which they limit a claimant's ability to work."); Smith v. Comm'r of Soc. Sec., 501 F. App'x 875, 879 (11th Cir. 2012) ("While [the plaintiff's] medical records reflect . . . a history of anxiety and depression for which she was prescribed Xanax and Zoloft, nothing in the record indicates that [the plaintiff] experienced any effects from these mental impairments that could be expected to interfere with her ability to work."). Lastly, although not

dispositive, Ms. Bryant's daily activities also supported the ALJ's finding. (Doc. 19-2 at 22–23); 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i).

In any event, as the Magistrate Judge correctly observed, because the ALJ characterized other impairments as severe, any error in deeming Ms. Bryant's mental conditions non-severe was harmless. (Doc. 28 at 10); Ball v. Comm'r of Soc. Sec. Admin., 714 F. App'x 991, 993 (11th Cir. 2018). Ms. Bryant alternatively argues that even if the ALJ's non-severe determination was harmless error, the ALJ's failure to include these limitations in the RFC and hypotheticals posed to the vocational expert was not merely harmless error. (Doc. 31 at 5, 8–9.)

As noted, however, the ALJ need not include unsupported findings or impairments without functional limitations in either the RFC or hypotheticals posed to the vocational expert. Just as the record supported the ALJ's determination that Ms. Bryant's mental impairments were non-severe, so too did the record support the ALJ's determination that any impairments did not result in functional limitations and were thus not necessary to include in the RFC or hypotheticals.

In summary, the Court cannot conclude that, as to Ms. Bryant's purported mental impairments, the ALJ failed to apply the correct law or that his finding was not based on substantial evidence. Accordingly, the second objection is also overruled.

8

## CONCLUSION

After an independent review of the record, including a de novo review of the portions of the Magistrate Judge's Report and Recommendation specifically objected to and conclusions of law, it is **ORDERED**:

1. Ms. Bryant's objections to the Magistrate Judge's Report and Recommendation (Doc. 31) are **OVERRULED**.

2. The Report and Recommendation (Doc. 28) is **ADOPTED** and made part of this Order.

3. The decision of the Commissioner denying disability insurance benefits is **AFFIRMED**, and the decision of the Commissioner denying supplemental security income is **REVERSED and REMANDED** for further consideration of fibromyalgia in combination with all other relevant medical records pursuant to 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to terminate any pending deadlines and motions and close the file.

**ORDERED** in Fort Myers, Florida, on August 30, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE